UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**ANTHONY LEMELLE ET AL**          **CIVIL ACTION NO.  2:24-CV-00388**

**VERSUS**                          **JUDGE JAMES D. CAIN, JR.**

**BOYD GAMING CORP**                **MAGISTRATE JUDGE CAROL B. WHITEHURST**

### MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (Doc. 19) filed by Defendant, Boyd Racing L.L.C. d/b/a Delta Downs Racetrack, Casino and Hotel ("Delta Downs"). Plaintiffs have not filed any opposition to the Motion and the time for doing so has now lapsed.

### BACKGROUND

On December 3, 2022, Plaintiffs, Anthony and Tonya Lemelle were patrons at Delta Downs.[1] Mr. Lemelle visited the Promenade men's room at Delta Downs.[2] After using the facilities, Mr. Lemelle alleges that he slipped and fell backwards on the floor, landing on his "buttocks."[3] Mr. Lemelle described a fine mist on the floor,[4] and later testified that it smelled like urine.[5] He also testified that "I slipped down in that misty urine."[6]

---

[1] Defendant's exhibit A, Anthony Lemelle deposition, pp. 35:8-36:11; Defendant's exhibit B, pp. 10:3-11:6.
[2] Defendant's exhibit A, Lemelle deposition, p.37:12-21.
[3] *Id.* pp. 38:4-10, 45:4-10.
[4] *Id.*, p. 38:11-22.
[5] *Id.* pp. 40:9-41:23, 87:6-8.
[6] *Id.* p. 87:6-8.

In the Incident Report that memorialized the incident, Mr. Lemelle reported that he "slipped and fe[l]l on liquid on the restroom floor."[7] Immediately after the accident, the area was investigated, but the source of the fluid could not be found.[8]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is

---

[7] Defendant's exhibit 3 attached to exhibit D, Incident Report.
[8] Defendant's exhibit D, Matthew Daigle deposition, pp. 18:11-22; 36:3-37:5.; Defendant's exhibit E, Devvon Creel deposition, p. 33:10-12, 33:7-9, 33:10-12; Defendant's exhibit C, Daniel Ashmore deposition, pp. 33:21-36:21; Defendant's exhibit F, Corporate deposition, pp. 20:21-22:24, 21:17-18, 58:15-18, 57:12-58:12, 48:22-49:6, 97:8-9; Defendant's exhibit G, p. 11..

merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

"In a diversity case such as this one, federal courts apply state substantive law," and as such, Louisiana law applies to Plaintiffs' claims against Delta Downs. *Thompson v. D.G. Louisiana, LLC*, 2022 WL 17479771, at *2 (W.D. La. Dec. 6, 2022) (citing *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009) and *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). In Louisiana, claims against merchants based on falls on the premises are governed by the Louisiana Merchant Liability Act ("LMLA"), Louisiana Revised Statute § 9:2800.6.

A merchant fundamentally owes a duty under Louisiana law to keep its premises, including its aisles, passageways, and floors, in a reasonably safe condition, with that duty encompassing a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage. La. R.S. 9:2800.6(A).

To establish liability against a merchant, plaintiff, who is alleging a trip and fall injury sustained on such merchant's premises, has the burden of proving those elements set forth in Louisiana Revised Statute 9:2880.6. Section B thereof provides that:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

A plaintiff must prove each of the above three elements. Failure to prove any element will defeat a plaintiff's claim. *White v. Walmart Stores, Inc.*, 699 So.2d 1081 (La. 9/9/97). Although the merchant has an affirmative duty to keep the premises in a safe condition, a merchant is not the insurer of the safety of his patrons. *Jackson-Silvan v. State Farm Cas. Ins. Co.*, 171 So.3d 252 (La. App. 3 Cir. 2011) *writ denied*, (La. 5/22/15).

The mere occurrence of an accident on a merchant's premises cannot and does not serve on its own to establish actionable negligence. *E.g.*, *Degree v. Galliano Truck Plaza, LLP*, (La. App. 1 Cir. 1/10/19), 271 So.3d 315, 318 ("A merchant is not absolutely liable every time an accident happens.").

The Fifth Circuit has observed that "the Louisiana Merchant Liability Act [] places a heavy burden of proof on plaintiffs in claims against a merchant for damages arising out of a fall on the premises." *Ferrant v. Lowe's Home Centers, Inc.*, 494 F. App'x 458, 460 (5th Cir. 2012) (quotation and marks omitted); *see also Barnett v. Wal-Mart Inc.*, 2025 WL 377709, at *2 (W.D. La. Feb. 3, 2025) (Doughty, J.) ("[T]he Act is a decidedly pro-defendant statute.") (quotation and marks omitted); *Richard v. Dollar Tree Stores, Inc.*, 2024 WL 2923003 at *2 (W.D. La. June 10, 2024) ("The LMLA's exacting notice requirement places a heavy burden of proof on plaintiffs.") (quotation omitted). "A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. Notwithstanding that such would require proving a negative, the statute simply does not provide for a shifting of the burden." *Swatt v. Wal-Mart Stores, Inc.*, 334 So.3d 1054, 1059 n.2 (La. App. 5 Cir. 12/29/21).

Delta Downs maintains that even assuming (and yet denying), that an unreasonably dangerous defect or hazard existed, Plaintiffs have no evidence that Delta Downs created such condition, or had actual or constructive notice of any hazardous condition. Plaintiffs make the conclusory allegation that Delta Downs created a dangerous condition on the floor. The only evidence submitted establishes that no one knew of the source of the liquid that allegedly caused Mr. Lemelle's fall. Plaintiff have not submitted any summary judgment evidence that would create a genuine issue of material fact for trial. This Court will not speculate as to who or what created the source of liquid without any actual probative evidence. See, e.g., *Bearb v. Wal-Mart Louisiana, Ltd.*, 534 F. App'x 264, 265

(5th Cir. 2013) (affirming summary judgment for merchant, noting "the absence of any facts in the record to support their claims" of how water got on the floor).

Delta Downs also maintains that there is simply no evidence that it had either actual or constructive notice of the liquid on the floor. Here, it is Plaintiffs' burden to prove that the "condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." Louisiana Revised Statute 9:2800.6(C)(1). A plaintiff can only avoid summary judgment by presenting positive evidence that the merchant had actual or constructive notice of the alleged condition. Plaintiffs have failed to submit any summary judgment evidence to establish this element of their claim, thus, summary judgment is warranted. See *King v. Petsmart, LLC*, 2023 WL 7930074, at *6 (W.D. La. Nov. 16, 2023) ("[T]he plaintiff must [] 'prove the condition existed for some time period prior to the fall' to survive summary judgment."); *Oliver v. Belle of Orleans,* 341 So.3d at 779 (La. App. 1 Cir. 4/8/22); *Swatt v. Wal-Mart Stores, Inc.,* 334 So.3d at 1059 (La.App. 5 Cir. 12/29/21); *Pellegrin v. Louisiana-I Gaming,* 93 So.3d 645, 647-48 (La. App. 5 Cir. 4/24/12).

## **CONCLUSION**

For the reasons explained herein, the Court will grant Delta Downs' Motion for Summary Judgment (Doc. 19) and dismiss this lawsuit with prejudice.

THUS DONE AND SIGNED in Chambers this 25th day of August, 2025.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**