UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ANTHONY LEMELLE ET AL** | **CASE NO.  2:24-CV-00388** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **BOYD GAMING CORP** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## ORDER

Before the Court is a "Motion for Reconsideration" (Doc. 23) filed by Palintiffs, Anthony Lemelle and Tonya Lemelle, who move to vacate this Court's Memorandum Ruling and Judgment[1] that dismissed this lawsuit with prejudice. In the Ruling, the Court noted that Plaintiff had failed to file an objection, thus failing to dispute the facts asserted by Defendant to the Defendant's Motion for Summary Judgment.  Plaintiffs now inform the Court that counsel had an internal failure.  Counsel explains that the appropriate deadlines in which to respond to Defendant's Motion for Summary Judgment[2] were not place on Counsel's calendar. Defendant opposes Plaintiffs' motion and argues that Plaintiffs fail to cite any authority that would support vacating the Memorandum Ruling and Judgment and fail to present any evidence beyond what Delta Downs submitted that would alter the Court's ruling.

---

[1] Docs. 21 and 22.
[2] Doc. 19.

## LAW AND ANALYSIS

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly," *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). The Federal Rules of Civil Procedure do not provide for a motion for reconsideration. However, such a motion may be considered as either a Rule 50(e) motion to alter or amend judgment, or a Rule 60(b) motion for relief from judgment or order.

Pursuant to Rule 60(b), the court may relieve a party from a final judgment, order, or proceeding for, among other reasons, excusable neglect. While "[m]otions under Rule 60(b) are directed to the sound discretion of the district court," *Smith v. Alumax Extrusions, Inc.*, 868 F.2d 1469, 1471 (5th Cir. 1989) (quoting *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 402 (5th Cir. 1981)), the jurisprudence provides useful guideposts as to the considerations that a district court should undertake when presented with a Rule 60(b) motion. *See also, e.g.*, *Brittingham v. Wells Fargo Bank, N.A.*, 543 F. App'x 372, 373-74 (5th Cir. 2013) (per curiam); *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc).

The caselaw has developed several factors to guide the exercise of that discretion: (1) that final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether—if the judgment was a default or a dismissal in which there was no consideration of the merits—the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's

claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993) (citing *Seven Elves,* 635 F.2d at 402).

It appears the Plaintiffs are relying on Rule 60(b) regarding their Motion to Reconsider. "For purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993).

Plaintiffs' counsel informs the Court that the appropriate deadlines were not calendared and remarks that during the relevant time period, his long-tine paralegal, Vanessa, who managed counsel's calendar, took an extended leave of absence due to a serious illness. Consequently, counsel hired a replacement, Dana, who was to take over Vanessa's duties, including calendaring. Counsel states that Dana was inadvertently never added to the CM/ECF System to receive notice of filings in his cases with the federal court, and therefore Dana did not receive the notice, nor did she calendar the deadlines to respond.

Defendant asserts that two separate notices were sent out via the CM/ECF system[3] to counsel and two other employees. Defendant also challenges Plaintiffs' failure to contest proper service. Defendant notes that around the time that the Motion for Summary Judgment was filed and briefing was set, Plaintiffs were making settlement demands, and

---

[3] As to the Motion for Summary Judgment itself (Doc. 19), and the Notice of Motion Setting (Doc. 20).

requesting discovery. Defendant argues that counsel's neglect does not excuse his failure to monitor the ECF notifications for the case, nor does it justify relief sought under Rule 60(b). Defendant cites cases wherein the courts affirmed the lower court's denial of a Rule 60(b) relief when a staff member failed to calendar a deadline. See *Rayford v. Karl Storz Endoscopy Am., Inc.*, 740 F. App'x 435, 436–37 (5th Cir. 2018); see also *Alaniz v. Gonzales*, 189 F.3d 468 (5th Cir. 1999) (Plaintiffs gave no reason why they missed the deadline). Defendant also argues that a liberal application of Rule 60(b) has been applied to default judgments, not judgments pursuant to dispositive motions.

Plaintiffs' counsel remarks that he filed the instant Motion within 34 hours of when this Court entered its Judgment, and additionally, he has clearly delineated the internal medical issues leading to staffing problems that caused the missed deadline. Counsel also reminds the Court that he has never missed this Court's deadlines. Counsel asserts that vacating the Judgment and allowing Plaintiff to file the necessary evidence to mount a "potentially meritorious claim" would not prejudice Defendant in this matter.

While the Court is aware of the cases wherein there was no abuse of discretion when the lower courts denied a Rule 60(b) motion due to calendaring errors and mistakes about deadlines that qualified as a careless mistake of counsel, the Court is hesitant in this matter to follow those line of cases given the extraordinary circumstance regarding Plaintiffs' counsels' longtime paralegal, who it appears was solely responsible for calendaring deadlines. This mistake was made when the responsible person failed to include the new paralegal in the Court's CM/ECF notice system. The Court finds that this is an excusable neglect. Accordingly,

**IT IS ORDERED** that the Motion to Reconsider is **GRANTED**, and Plaintiffs' counsel shall file its opposition no later than 14 days from the date of this Order. Defendants shall file their reply seven days thereafter.

**IT IS FURTHER ORDERED** that the Memorandum Ruling and Judgments docketed as documents 21 and 22 are **VACATED.**

**THUS DONE AND SIGNED** in chambers on this 9th day of October, 2025.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE