UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ANTHONY LEMELLE ET AL** | **CASE NO. 2:24-CV-00388** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **BOYD GAMING CORP** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**MEMORANDUM RULING**

Before the Court is a "Motion for Summary Judgment" (Doc. 19) filed by Defendant, Boyd Racing L.L.C. d/b/a Delta Downs Racetrack, Casino and Hotel ("Delta Downs").

**BACKGROUND**

On December 3, 2022, Plaintiffs, Anthony and Tonya Lemelle were patrons at Delta Downs.[1] Mr. Lemelle visited the Promenade men's room at Delta Downs.[2] After using the facilities, Mr. Lemelle alleges that he slipped and fell backwards on the floor, landing on his "buttocks."[3] Mr. Lemelle described a fine mist on the floor,[4] and later testified that it smelled like urine.[5] He also testified that "I slipped down in that misty urine."[6]

---

[1] Defendant's exhibit A, Anthony Lemelle deposition, pp. 35:8-36:11; Defendant's exhibit B, pp. 10:3-11:6.
[2] Defendant's exhibit A, Lemelle deposition, p.37:12-21.
[3] *Id.* pp. 38:4-10, 45:4-10.
[4] *Id.*, p. 38:11-22.
[5] *Id.* pp. 40:9-41:23, 87:6-8.
[6] *Id.* p. 87:6-8.

In the Incident Report that memorialized the incident, Mr. Lemelle reported that he "slipped and fe[l]l on liquid on the restroom floor."[7] Immediately after the accident, the area was investigated, but the source of the fluid could not be found.[8]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

---

[7] Defendant's exhibit 3 attached to exhibit D, Incident Report.
[8] Defendant's exhibit D, Matthew Daigle deposition, pp. 18:11-22; 36:3-37:5.; Defendant's exhibit E, Devvon Creel deposition, p. 33:10-12, 33:7-9, 33:10-12; Defendant's exhibit C, Daniel Ashmore deposition, pp. 33:21-36:21; Defendant's exhibit F, Corporate deposition, pp. 20:21-22:24, 21:17-18, 58:15-18, 57:12-58:12, 48:22-49:6, 97:8-9; Defendant's exhibit G, p. 11..

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

"In a diversity case such as this one, federal courts apply state substantive law," and as such, Louisiana law applies to Plaintiffs' claims against Delta Downs. *Thompson v. D.G. Louisiana, LLC*, 2022 WL 17479771, at *2 (W.D. La. Dec. 6, 2022) (citing *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009) and *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). In Louisiana, claims against merchants based on falls on the premises are governed by the Louisiana Merchant Liability Act ("LMLA"), Louisiana Revised Statute § 9:2800.6.

A merchant fundamentally owes a duty under Louisiana law to keep its premises, including its aisles, passageways, and floors, in a reasonably safe condition, with that duty encompassing a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage. La. R.S. 9:2800.6(A).

To establish liability against a merchant, plaintiff, who is alleging a trip and fall injury sustained on such merchant's premises, has the burden of proving those elements set forth in Louisiana Revised Statute 9:2880.6. Section B thereof provides that:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

A plaintiff must prove each of the above three elements. Failure to prove any element will defeat a plaintiff's claim. *White v. Walmart Stores, Inc.*, 699 So.2d 1081 (La. 9/9/97). Although the merchant has an affirmative duty to keep the premises in a safe condition, a merchant is not the insurer of the safety of his patrons. *Jackson-Silvan v. State Farm Cas. Ins. Co.*, 171 So.3d 252 (La. App. 3 Cir. 2011) *writ denied*, (La. 5/22/15).

The mere occurrence of an accident on a merchant's premises cannot and does not serve on its own to establish actionable negligence. *E.g.*, *Degree v. Galliano Truck Plaza, LLP*, (La. App. 1 Cir. 1/10/19), 271 So.3d 315, 318 ("A merchant is not absolutely liable every time an accident happens.").

The Fifth Circuit has observed that "the Louisiana Merchant Liability Act [] places a heavy burden of proof on plaintiffs in claims against a merchant for damages arising out of a fall on the premises." *Ferrant v. Lowe's Home Centers, Inc.*, 494 F. App'x 458, 460 (5th Cir. 2012) (quotation and marks omitted); *see also Barnett v. Wal-Mart Inc.*, 2025 WL 377709, at *2 (W.D. La. Feb. 3, 2025) (Doughty, J.) ("[T]he Act is a decidedly pro-

defendant statute.") (quotation and marks omitted); *Richard v. Dollar Tree Stores, Inc.*, 2024 WL 2923003 at *2 (W.D. La. June 10, 2024) ("The LMLA's exacting notice requirement places a heavy burden of proof on plaintiffs.") (quotation omitted). "A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. Notwithstanding that such would require proving a negative, the statute simply does not provide for a shifting of the burden." *Swatt v. Wal-Mart Stores, Inc.*, 334 So.3d 1054, 1059 n.2 (La. App. 5 Cir. 12/29/21).

In opposing Defendant's Motion for Summary Judgment, Plaintiffs submit: (1) a corporate representative deposition of Boyd Gaming Corporation, Derrick Chester and Travis Waters;[9] (2) an exhibit log that reflects the cleaning of the relevant bathroom;[10] (3) the deposition testimony of Daniel Ashmore;[11] (4) Daniel Ashmore's employee witness statement;[12] and (5) Devvon Creel's Deposition.[13]

Plaintiffs have presented the Court with no evidence that Defendant had actual notice of the alleged liquid on the floor of the bathroom that caused Mr. Lemelle's fall. As such, the Court must determine if Plaintiffs has submitted summary judgment evidence that would create a genuine issue of material fact that Defendant had constructive notice of the liquid on the floor. To be clear, a plaintiff must prove that the condition existed for some time period prior to the fall to survive summary judgment. See *King v. Petsmart, LLC*, 2023 WL 7930074, at *6 (W.D. La. Nov. 16, 2023); see also *Oliver v. Belle of*

---

[9] Plaintiffs' exhibit 1, Doc. 28-1.
[10] Plaintiffs' exhibit 2, Doc. 28-2.
[11] Plaintiffs' exhibit 3, Doc. 28-3.
[12] Plaintiffs' exhibit 4, doc. 28-4.
[13] Plaintiff's exhibit 5, Doc. 28-5.

*Orleans,* 341 So.3d at 779 (La. App. 1 Cir. 4/8/22); *Swatt v. Wal-Mart Stores, Inc.,* 334 So.3d at 1059 (La.App. 5 Cir. 12/29/21); *Pellegrin v. Louisiana-I Gaming,* 93 So.3d 645, 647-48 (La. App. 5 Cir. 4/24/12).

It is Plaintiffs' burden to prove that the "condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." Louisiana Revised Statute 9:2800.6(C)(1). A plaintiff can only avoid summary judgment by presenting positive evidence that the merchant had actual or constructive notice of the alleged condition. *E.G., Miller v. Michaels Stores, Inc.*, 98 F.4th 211, 216 (5th Cir. 2024).

This Court will not speculate as to who or what created the source of liquid without any actual probative evidence. See, e.g., *Bearb v. Wal-Mart Louisiana, Ltd.*, 534 F. App'x 264, 265 (5th Cir. 2013) (affirming summary judgment for merchant, noting "the absence of any facts in the record to support their claims" of how water got on the floor).

Plaintiffs rely on testimony that Delta Downs had no written policies or procedures to check the condition of its facility restrooms, but only that the restrooms should be checked "as often as possible."[14] Additionally, Delta had a practice of checking the restroom every hour on the evening of the incident, with the exception of the time span from 7:54 p.m. and 10:27 p.m.[15] It was during this time-span that Mr. Lemelle fell and there was no inspection or any type of cleaning or mopping of this particular restroom.[16]

---

[14] Plaintiff's exhibit 1, Corporate Deposition, p. 29:12-14; 30:6-7.
[15] Plaintiff's exhibit 1, Corporate Deposition, pp. 32:12-25 and 33:17-15, and Plaintiff's exhibit 2.
[16] *Id.*

There is no dispute that there was a liquid on the floor of the bathroom, and that the wet floor was a contributing factor to Mr. Lemelle's fall.[17] Plaintiffs rely heavily on a witness statement by Delta Downs' employee, Daniel Ashmore, who stated that the urinals in the restroom had previous issues with leaking.[18] That statement by Daniel Ashmore, who was responsible for cleaning the bathroom on that evening in question, specifically stated that he had been informed by his supervisor of previous leaking issues in the bathrooms.[19]

Plaintiffs also rely on the corporate representative that the incident "could" have been the fault of the clean-up guy (Mr. Ashmore).[20]

Defendant argues that Plaintiffs have failed to submit positive evidence that Delta Downs had constructive notice of the wet condition in the restroom on the eve of the incident, and such failure to counter that evidentiary void renders summary judgment mandatory.  See *e.g. Derousselle v. Wal-Mart Louisiana*, *L.L.C.*, 701 F.App'x 349, 351 ( 5th Cir. 2017).

Defendant remarks that "[w]ithout any 'positive evidence' that [the merchant] created or had actual or constructive notice of the condition which caused the damage, as § 9:2800.6(B)(2) requires, [plaintiffs] cannot maintain their merchant-liability claim." As such, Plaintiffs' claims will fail as a matter of law. *Duncan v. Wal-Mart Louisiana, L.L.C.,* 863 F.3d 406, 410 (5th Cir. 2017) (cleaned up). Defendant argues there is no evidence of

---

[17] Plaintiff's exhibit 1, pp. 78:24-79:2: 79:19-21.
[18] Plaintiff's exhibit 4.
[19] *Id.*
[20] Plaintiffs' exhibit 1, p. 94:8-14.

the source of the liquid on the floor, which leaves this Court with only speculation. Without evidence of the source of the liquid, Plaintiffs have not met their burden that Delta Downs created a slipping hazard. *Bearden v. K & A of Monroe, LLC*, 55,746 (La. App. 2 Cir. 7/17/24), 399 So.3d 515, 522.

As to constructive notice, Defendant argues that Plaintiffs have failed to establish by summary judgment evidence how long the liquid had been on the floor to show that the condition existed for a long enough period of time for Delta Downs to have known of the condition in the restroom. Plaintiffs rely only on the fact that the bathroom had not been inspected and/or cleaned during a two-hour time span and on an evening when the facility was busy.

Defendant argues that "to survive summary judgment, a plaintiff must satisfy the prerequisite of putting forth ***some positive evidence of how long the condition existed prior to the fall***." *Miller v. Michaels Stores, Inc.*, 98 F.4th 211, 216 (5th Cir. 2024) (quotation omitted, cleaned up, emphasis added). Defendant contends that Mr. Lemelle has **no positive evidence** that would allow him to satisfy that hefty burden of proving constructive notice as mandated by La. R.S. 9:2800.6, and he has not presented any evidence from which to establish how long the alleged wet condition was present on the floor prior to his accident. Additionally, Defendant argues that Plaintiffs' 'could have happened' theory is speculative and should not be considered in deciding a motion for summary judgment. *Avila v. PNK (Lake Charles), LLC*, No. CV 2:20-00331, 2022 WL 402926, at *4 (W.D. La. Feb. 9, 2022).

Here, there is no evidence that Delta Downs caused the liquid to be on the floor or that Delta Downs had actual notice of it being on the floor. The cleaning logs only demonstrate that the bathroom had not been inspected in a nearly two-hour time span. However, even considering the cleaning logs, the Court cannot speculate that the cleaning logs suggest that the liquid had been on the floor for two hours and/or that this is enough to establish that Delta Downs had constructive notice.

As to Mr. Ashmore's witness statement that indicated that a supervisor had told him that urinals in the restroom had previous issues with leaking, Mr. Ashmore's statement does not state that the liquid in this incident came from any leaking urinals, and there is no positive evidence to establish that as a disputed material fact. As such, the Court concludes that Plaintiffs have failed to establish that a liquid came from a leaky toilet, or that Delta Downs created the alleged hazardous condition.

The Court also finds that Plaintiffs have failed to create a genuine issue of material fact that Delta Downs had constructive knowledge of the alleged hazardous condition. Here, there is no evidence that Delta Downs knew, or in the exercise of reasonable care should have known of the condition of the bathroom floor. See *Burns v. Sedgwick Claims Mgmt. Servs., Inc.*, 165 So.3d 147, 157 (La. App. 5 Cir. 11/25/14). Likewise, Plaintiff has failed to establish the temporal element under *Kennedy v. Wal-Mart Stores, Inc.*, 733 So.2d 1188, 1191, (La. 1999) as required by *White, supra,* as to the length of time the liquid was on the floor prior to the incident.

Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial.

*TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 743, 759 (5th Cir. 2002; *SEC v. Reciles*, 10 F.3de 1093, 1097 (5th Cir. 1997; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); see also *Pyron v. Piccadilly Restaurants, LLC*, 2010 WL 2683618 at *3 (N.D. Miss 7/2/10) ("the plaintiff has offered nothing beyond speculation that the floor was mopped with a 'greasy mop' to show why the floor was slick. Such speculation is insufficient to defeat the defendant's motion for summary judgment").

## CONCLUSION

Because Plaintiffs have failed to establish a genuine issue of fact for trial as to causation, actual notice, or constructive notice, the Court will grant the Motion for Summary Judgment (Doc. 19) filed by Defendant, Boyd Racing L.L.C. d/b/a Delta Downs Racetrack, Casino and Hotel and dismiss Plaintiffs' claims with prejudice.

**THUS DONE AND SIGNED** in chambers on this 17th day of November, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**